**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1384

JOSE ARMANDO AB EL-AMAYA, a/k/a Jose Armando Abel Amaya,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 20, 2014      Decided: March 5, 2014

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Stephen C. Fleming, LAW OFFICES OF STEPHEN C. FLEMING, State College, Pennsylvania, for Petitioner. Stuart F. Delery, Assistant Attorney General, Jennifer Levings, Song Park, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Armando Ab El-Amaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

El-Amaya first disputes the Board's agreement with the immigration judge's rejection of his claim that he was entitled to withholding of removal because he suffered past persecution, and feared future persecution, on account of his membership in the particular social group of individuals who resist and oppose gang membership. Our review is limited to evaluating whether the Board's denial of withholding of removal on this basis is manifestly contrary to the law or an abuse of discretion. See Zelaya v. Holder, 668 F.3d 159, 165, 167 (4th Cir. 2012) (stating standard of review as set forth in 8 U.S.C. § 1252(b)(4)(D) (2012)).

Unfortunately for El-Amaya, our decisions in Zelaya and Lizama v. Holder, 629 F.3d 440, 447 (4th Cir. 2011), squarely foreclose his position. In Zelaya, we clearly held that opposition to gangs "is an amorphous characteristic providing neither an adequate benchmark for determining group membership nor embodying a concrete trait that would readily

2

identify a person as possessing such a characteristic." Zelaya, 668 F.3d at 166; see also Lizama, 629 F.3d at 447. Thus, this proposed social group fails on the particularity ground, articulated by the Board in In re S-E-G-, 24 I. & N. Dec. 579, 584-86 (BIA 2008), and to which we accord deference. See Zelaya, 668 F.3d at 166-67. We accordingly conclude that the Board's denial of withholding of removal on this basis is not manifestly contrary to the law or an abuse of discretion. See 8 U.S.C. § 1252(b)(4)(D).

El-Amaya next argues that, taken together, his credible testimony and background evidence on conditions in El Salvador constitute substantial evidence of his claimed fear of future torture. We review for substantial evidence the denial of relief under the CAT. Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007).

We have thoroughly reviewed the record in this case, including all of the background evidence, and conclude that it simply does not compel the conclusion that the gangs operate with the acquiescence of the Salvadoran government or even that the government turns a blind eye to their criminal activities. See 8 C.F.R. §§ 1208.16(c)(1), (2), 1208.18(a)(1), (7) (2013). We thus hold that substantial evidence supports the finding that El-Amaya was not eligible for relief under the CAT.

3

For these reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>